# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2021

Lyle W. Cayce
Clerk

No. 20-60464
Summary Calendar

Md Hasan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 721 120

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Petitioner Md Hasan, a native and citizen of Bangladesh, petitions this court to review the decision of the Board of Immigration Appeals ("BIA"). He contends that the BIA erred in affirming the immigration judge's ("IJ") adverse credibility determination and denial of his applications for asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60464

withholding of removal, and relief under the Convention Against Torture ("CAT").

We review only the BIA's decision "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Credibility determinations and determinations that a petitioner is not eligible for asylum, withholding of removal, or relief under the CAT are factual findings that we review under the substantial evidence standard. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). We may not reverse the BIA's factual findings under that standard unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537.

Petitioner contends that the adverse credibility determination was error because the inconsistencies and omissions among his testimony, credible fear interview, application, and documents submitted in support of his application were minor. He also maintains that his omission of a major incident prior to his removal hearing testimony and his lack of clear explanation as to how he obtained a new Bangladeshi passport should not have factored into the IJ's credibility determination. However, the IJ was permitted to rely on any inconsistency. *Avelar-Oliva*, 954 F.3d at 768. That determination was also supported by specific reasons based on the evidence presented and was substantially reasonable under the totality of the circumstances. *See id.* at 763–64; *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Carbajal-Gonzalez v. I.N.S.*, 78 F.3d 194, 197 (5th Cir. 1996).

Substantial evidence supports the BIA's determination that the lack of credible evidence precludes Petitioner from meeting his burden of proof for asylum, withholding of removal, or relief under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012); *Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994).

No. 20-60464

The petition for review is DENIED.